9ev. 02/2006

COURTROOM MINUTES OF CRIMINAL PROCEEDINGS
Norfolk Division

# SENTENCING MINUTES

Set: 2:00 p.m.
Started: 2:00 p.m.
Ended: 2:35 p.m.

Date: August 1, 2018
Judge: Rebecca Beach Smith
Court Reporter: Jody Stewart, OCR
U.S. Attorney: Stephen Haynie and Alan Salsbury, AUSA
Defense Counsel: Eric Leckie, c/a
Courtroom Deputy: Susan Cherry
Probation Officer: Tara Gill

Case No. 2:16cr55
Defendant: Shakir McNeal      ( X ) In custody   ( ) On bond

__X__ Matter came on for disposition.

_____ USA's Motion for One Level Reduction (document #35).

            _____ Granted.     _____ Denied.

__X__ Court adjudged defendant guilty of Count __1__ of the Indictment, after entering a plea of guilty before a Magistrate Judge.

__X__ Presentence Report reviewed.       _____ Objections heard and rulings made.

_____ Evidence presented. (Witnesses and exhibits listed on last page)

__X__ Arguments of counsel heard.      __X__ Statement of defendant heard.

## **IMPRISONMENT:**

SENTENCE: Count __1__: The defendant shall be committed to the custody of the BOP to be imprisoned for a total term of __63__ months.

__X__ The Court makes the following recommendations to the Bureau of Prisons:
   1) The defendant shall participate in a substance abuse treatment program, to include the Residential Drug Abuse Treatment Program (RDAP), with a focus on alcohol abuse.

   2) The defendant shall undergo a full mental health evaluation and shall receive all appropriate mental health treatment and counseling, in particular for fraud mentality and anger management.

   3) The court recommends that the defendant be incarcerated in a facility on the West Coast as close to the State of California as possible.

__X__ The defendant is remanded to the custody of the U.S. Marshal.

## SUPERVISED RELEASE:

__X__ Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ years.

## Special Conditions of Supervised Release:

1) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court upon the recommendation of the probation officer.

2) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

3) The defendant shall provide the probation officer access to any requested financial information.

4) During the period of supervised release, the defendant shall provide a copy of his state and federal income tax returns each year to the probation officer.

5) The defendant shall participate in a program approved by the United States Probation Office for financial counseling. The cost of this program is to be paid by the defendant as directed by the probation officer.

6) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

7) The defendant is prohibited from drinking alcohol during his period of supervised release.

8) The defendant will be subjected to random urinalysis testing while on supervised release. If at any time, the defendant tests positive for the use of any controlled substance or abuse of alcohol, he shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with the costs to be paid by the defendant, all as directed by the probation officer.

9) The defendant shall continue to participate in a mental health treatment and counseling program at the direction and discretion of the probation officer. The defendant shall bear the costs of this program.

10) The defendant shall waive all rights of confidentiality regarding substance abuse/mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

11) The court does not deny federal benefits because the denial is not applicable.

## FINANCIAL PENALTIES

√ The court waives the cost of prosecution, incarceration, and supervised release, except to the extent the defendant will have to bear costs as outlined in the Special Conditions of Supervision.

### SPECIAL ASSESSMENT:

√ As to count __1__, the defendant shall pay a special assessment in the amount of $100.00.

___ As to count____ the defendant shall pay a special assessment in the amount of____.

The total special assessment due is $100.00 and shall be due in full immediately.

### FINE:

√ No fines have been imposed in this case.

___ The defendant shall pay a fine in the amount of $_____.

### RESTITUTION:

√ The defendant shall make restitution in the amount of $143,675.71.

√ Restitution Judgment Order, entered and filed in open court.

### SCHEDULE OF PAYMENTS:

√ Interest on the restitution has been waived.

___ Interest accrues as provided in 18 U.S.C. § 3612(f).

√ The special assessment/fine/restitution is due and payable immediately. The defendant shall pay to the Clerk at least $400.00 per month beginning sixty (60) days from the inception of supervised release toward any restitution remaining unpaid. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release and depending upon how much restitution has been paid.

___ Restitution shall be made jointly and severally with

____ Nothing in the Court's order shall prohibit the collection of any judgment or fine by the United States.

____ The defendant notified of right of appeal.

√ Court noted that defendant waived right of appeal in plea agreement.

√ On motion of the government, remaining counts dismissed.

____ The defendant is continued on present bond and cautioned re bail jumping.

√ Consent Order of Forfeiture, executed and filed in open court.

**Additional Counts/Comments:**